IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FRANCISCO JOSUE BELTRAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-181-D |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION TO DISMISS SECTION 2255 AS UNTIMELY**

Before the Court is the *Motion to Vacate, Set-Aside or Correct Sentence Under 28 U.S.C. § 2255* [ECF 1] filed by petitioner FRANCISCO JOSUE BELTRAN, and the *Motion to Dismiss Section 2255 as Untimely* [ECF 5] filed by respondent UNITED STATES OF AMERICA. For the reasons set forth below, the undersigned finds petitioner's motion to vacate is time-barred, that respondent's motion to dismiss should be granted, and that petitioner's motion to vacate should be dismissed.

I.
PROCEDURAL HISTORY

On February 20, 2015, petitioner pled guilty to the felony offense of possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(viii). Pursuant to a written plea agreement, petitioner reserved the right to appeal the United States District Judge's previous denial of his motion to suppress evidence. On May 1, 2015, the district judge sentenced petitioner to a term of 150 months imprisonment for the

possession offense, a sentence below the advisory guideline range, and entered a corresponding Judgment.

Petitioner, represented by the same retained counsel, filed a direct appeal of his conviction challenging the denial of his motion to suppress. *Beltran v. U.S.*, No. 15-10432. On May 23, 2016, the United States Court of Appeals for the Fifth Circuit issued a *per curiam* written opinion finding the district judge did not err in denying petitioner's motion to suppress and affirming the judgment of conviction. *Id.* [ECF 83]. The Fifth Circuit appellate court entered Judgment affirming the judgment of this court the same day. *Id*. [ECF 84]. The opinion and Judgment were entered on the appellate court docket that same date and counsel for the parties were provided electronic notice of the appellate court's ruling.

On June 14, 2016, seven (7) days after the time to file a petition for rehearing had expired, *see* Fed. R. App. P. 41(b), the Fifth Circuit issued mandate. *Id*. [ECF 86]. The appellate court also forwarded a copy of the judgment issued as the mandate and a copy of the Fifth Circuit's opinion, together with a transmittal letter, to this court. *U.S. v. Beltran*, No. 2:14-CR-86 [ECF 61]. The clerk of this court docketed the receipt of such documents from the Fifth Circuit on June 14, 2016 at 1:37 p.m. and electronically notified counsel for the parties of the docket entry. Petitioner did not seek review of the appellate court's opinion by filing a petition for a writ of certiorari with the United States Supreme Court.

On September 13, 2017, at 7:41 p.m., petitioner, represented by new retained counsel, electronically filed the instant motion to vacate challenging his conviction and sentence. *Beltran v. U.S.*, No. 2:17-CV-181. In his motion, petitioner represents the Fifth Circuit appellate court affirmed this court's judgment on direct appeal on June 14, 2016 rather than on May 23, 2016. *Id*. [ECF 1 at 1].

## II.
## PETITIONER'S ALLEGATIONS

In his motion to vacate, petitioner contends his conviction and the resulting sentence was imposed in violation of the United States Constitution or laws of the United States because he was denied effective assistance of trial and appellate counsel with regard to counsel's prosecution of petitioner's motion to suppress.[1]

## III.
## STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2255 establishes a one-year limitation period for filing a motion to vacate, set aside or correct sentence in federal court. That section provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] Specifically, petitioner asserts trial counsel was ineffective for not challenging the initial traffic stop for speeding, and appellate counsel was ineffective for "for failing to challenge the trial court's unreasonable determination of facts when it relied on Officer Nunez's testimony during the suppression hearing."

  (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner does not assert, nor does the record reflect, the Government impeded or prevented petitioner from filing a motion for section 2255 relief. Nor do petitioner's claims concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review. Moreover, petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to petitioner's conviction becoming final. Consequently, the 1-year period of limitation in this case began on the date on which petitioner's judgment became final.

Petitioner's judgment of conviction became final on August 22, 2016 upon the expiration of the 90-day time period for filing a petition for certiorari.[2] *See* Rules of the Supreme Court of the United States R. 13.1; *Clay v. United States*, 537 U.S. 522, 532 (2003). The one-year statute of limitations thus began to run on August 23, 2016 and any motion to set aside, vacate or correct petitioner's sentence was due to be filed on or before August 23, 2017. As petitioner did not file his section 2255 motion until September 13, 2017, twenty-one (21) days later, the motion is untimely and should be dismissed as time-barred.

---

[2]The last day of the 90-day period ended on August 21, 2016, a Sunday, so the period continued to run until the end of the next day, August 22, 2016. *See* Fed. R. Crim. P. 45(a)(1)(C).

In his reply to respondent's motion to dismiss, petitioner appears to argue the Fifth Circuit's judgment affirming his conviction on direct appeal was not entered, for purposes of determining the finality of petitioner's conviction, until this *district* court's clerk received a copy of the appellate court's opinion, judgment and mandate and noted such receipt on this *district* court's docket on June 14, 2016. This is simply incorrect. "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . ." Rules of the Supreme Court of the United States R. 13.3. Therefore, the issuance of the mandate is not the triggering date from which the 90-day period begins. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). Moreover, petitioner has not argued, much less demonstrated, any equitable tolling of the limitation period. *Cf. id.* (any "confusion" about the date the 90-day period starts does not show extraordinary circumstances warranting equitable tolling), nor has he asserted an actual innocence exception to the time bar, much less demonstrated actual innocence by presenting new reliable evidence not previously presented showing it is more likely than not that no reasonable juror would have convicted petitioner in light of the new evidence. Petitioner's motion to vacate, filed September 13, 2017 when it was electronically filed by counsel, was filed after the expiration of the statute of limitations and is time barred.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that respondent's *Motion to Dismiss Section 2255 as Untimely* [ECF 5] be GRANTED, and the *Motion to Vacate, Set-Aside, or Correct Sentence Under 28 U.S.C. § 2255* [ECF 1] filed by petitioner FRANCISCO JOSUE BELTRAN be DISMISSED.

## V.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 30, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

* <u>**NOTICE OF RIGHT TO OBJECT**</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).